**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RONALD LEBRUN, Individually and as the        )
Administrator of the Estate of RAYMOND LEBRUN )
and ELAINE THURBER,                           )
                    Plaintiffs,                     )
      v.                                       )        C.A. No.:  18-cv-00468
                                  )
THE STOP & SHOP SUPERMARKET COMPANY LLC,  )
                Defendant.                      )

**COMPLAINT**

<u>PARTIES and JURISDICTION</u>

1.  The Plaintiff, Ronald Lebrun, is duly appointed as Administrator of the Estate of Raymond Lebrun now pending in Woonsocket Probate Court.

2.  The Plaintiff, Ronald Lebrun, brings this Complaint Individually as the Decedent's son and as Administrator on behalf of the Estate of Raymond Lebrun.

3.  The Plaintiff, Elaine Thurber, is the Decedent's daughter.

4.  The Decedent, Raymond Lebrun, was at all times relevant, a resident of the City of Woonsocket, Rhode Island.

5.  The Defendant, The Stop & Shop Supermarket Company LLC (hereinafter, "STOP & SHOP"), is upon information and belief a foreign limited liability company organized and existing pursuant to the laws of the State of Rhode Island.  Stop & Shop's registered agent for service of process is Corporation Service Company located at 222 Jefferson Boulevard, Suite 200 in Warwick, Rhode Island.

1

6.  The acts contained herein occurred at the Defendant's premises located at 70 Pulaski Boulevard in Bellingham, Massachusetts.

7.  The United States District Court for the District of Rhode Island properly retains jurisdiction over this action as the Decedent was at all times relevant hereto a resident of the State of Rhode Island.  Thus although the incident that forms the basis of this wrongful death complaint occurred in the Commonwealth of Massachusetts; Massachusetts has no significant interest in adjudicating this claim.  Turcotte v. Ford Motor Co., 494 F.2d 173 (R.I. 1974).

8.  The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 pursuant to 28 USC § 1332.

FACTS

9.  That on or about January 2, 2018, Decedent, Raymond Lebrun, was fatally injured while grocery shopping with his daughter at a grocery store owned, operated, controlled, and maintained by the Defendant located in Bellingham, Massachusetts.

10. While exiting the store the Decedent encountered a nonfunctioning, closed, and blocked exit doorway.

11. As a result of the aforesaid nonfunctioning, closed, and blocked exit doorway and other related circumstances, the Decedent was struck from behind by another shopper's grocery carriage, propelled to the ground, and suffered a brain bleed causing him to die four days later after great conscious pain, suffering, and fear.

12. The wrongful death of their father has caused the Plaintiffs loss of parental society and companionship.

## COUNT I – NEGLIGENCE

13. The Plaintiffs hereby restate and reincorporate paragraphs 1 through 12 above as if fully restated herein.

14. The Defendant negligently caused or allowed the egress door to be closed and blocked as aforesaid; impeding safe egress.

15. The Defendant negligently placed a visually insufficient sign blocking the door.

16. The Decedent, Raymond Lebrun, at all times was in the exercise of sufficient due care and caution so as to allow recovery in this matter for his wrongful death.

17. The Defendant, failed to repair, insulate and/or conduct reasonable and proper inspections on its equipment and property, failed to recognize and correct known and unknown anticipated hazards and defects, failed to warn and further did not conform to the standard of care as required in the industry.

18. The Defendant at all times had exclusive control over their door, equipment, and maintenance for inspection and repairs.

19. The occurrence was caused by Defendant's negligence to properly maintain their door.

20. Said negligence was a proximate cause of the Decedent's injuries and fatality.

21. As a direct and proximate result of the Defendant's negligence, Decedent, Raymond Lebrun, was severely and permanently injured, continued to suffer great pain of body and was caused to survive and endure extreme conscious pain, suffering, and fear for four days until at which time he succumbed to said injuries and ultimately died on January 6, 2018.

22. Plaintiff, Ronald Lebrun, as Administrator of the Estate of Decedent, Raymond Lebrun, claims damages under the Estate of Decedent, Raymond Lebrun and for the heirs and next-of-kin for conscious pain and suffering, losses to the Estate, grief, shock, emotional distress, physical manifestations, anxiety, economic losses, and other such damages as permitted by law.

23. Plaintiff, Ronald Lebrun, individually, requests damages for negligent infliction of emotional distress, loss of society and companionship, and other damages this Honorable Court deems fit and the circumstances of this case requires.

24. Plaintiff, Elaine Thurber, requests damages for negligent infliction of emotional distress, loss of society and companionship, and other damages this Honorable Court deems fit and the circumstances of this case requires.

WHEREFORE, Plaintiff hereby demands a trial by jury and judgment for damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) pursuant to R.I. Gen. Laws § 10-7-*et seq.* known as the Rhode Island Wrongful Death Act from the Defendant plus interest, costs and attorney fees.

<u>COUNT II</u>
<u>PUNITIVE DAMAGES</u>

25. The Plaintiffs hereby restate and reincorporate paragraphs 1 through 24 above as if fully restated herein.

26. The Plaintiffs' damages were proximately caused by the malicious, willful, wanton, and reckless conduct of the Defendant, which resulted in the death of Raymond Lebrun.

27. As a result of Defendant's malicious, willful, wanton, and reckless conduct as aforesaid, the Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiff hereby demands a trial by jury and judgment for damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) pursuant to R.I. Gen. Laws § 10-7-*et seq.* known as the Rhode Island Wrongful Death Act from the Defendant plus interest, costs and attorney fees.

COUNT III
PUNITIVE DAMAGES

28. The Plaintiffs hereby restate and reincorporate paragraphs 1 through 27 above as if fully restated herein.

29. The Plaintiffs' damages were proximately caused as a result of the gross negligence of the Defendant, which resulted in the death of Raymond Lebrun.

30. As a result of Defendant's gross negligence as aforesaid, the Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiff hereby demands a trial by jury and judgment for damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) pursuant to R.I. Gen. Laws § 10-7-*et seq.* known as the Rhode Island Wrongful Death Act from the Defendant plus interest, costs and attorney fees.

COUNT IV
LOSS OF PARENTAL SOCIETY

31. Plaintiff hereby restates and reincorporates paragraphs 1 through 30 above as if fully restated herein.

32. At the time of the accident, the Decedent had two children:  Ronald Lebrun and Elaine Thurber.

33. As a result of Defendant's gross negligence as aforesaid, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of parental society, companionship, and affection.

WHEREFORE, Plaintiff hereby demands a trial by jury and judgment for damages in excess of Two Hundred and Fifty Thousand Dollars ($250,000.00) pursuant to R.I. Gen. Laws § 10-7-*et seq.* known as the Rhode Island Wrongful Death Act from the Defendant plus interest, costs and attorney fees.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby make demand for trial by jury on all issues so triable.  The Plaintiffs reserve their right to file additional counts.

Respectfully submitted,
Plaintiffs,
By their Attorneys,

*/s/  Gregory P. Sorbello*
Gregory P. Sorbello, Esq. (#6564)
Peter M. Iascone, Esq. (#3125)
Peter M. Iascone & Associates, Ltd.
117 Bellevue Avenue
Newport, RI  02840
(401) 848-5200
(401) 846-8189